# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN LUIS,                )<br>                                        )<br>             **Plaintiff,**         )<br>                                        )<br>v.                                     )   Case No. 13-CV-490-JED-PJC<br>                                        )<br>ARGENT MORTGAGE COMPANY, )<br>LLC, et al.,                         )<br>                                        )<br>                                        )<br>             **Defendants.**      ) | |

## OPINION AND ORDER

This matter comes before the Court on plaintiff Steven Luis' amended motion for preliminary injunction (Doc. 11).[1] On August 6, 2013, the Court ordered that service be made on the defendants and directed them to respond to plaintiff's injunction request (Doc. 9). A joint motion to dismiss (Doc. 24) and response in opposition to the motion for preliminary injunction (Doc. 26) were filed on behalf of defendants Michael George and Kivell, Rayment and Francis, PC. In addition, a response in opposition to the motion for preliminary injunction was filed on behalf of defendants American Home Mortgage Servicing, Inc. and Deutsche Bank National Trust Company. On August 16, 2013, a hearing was held on plaintiff's motion. The plaintiff appeared pro se and the above-named defendants appeared through counsel.

## Background

Mr. Luis filed this action asserting claims for (1) wrongful foreclosure/lack of standing to foreclose; (2) breach of contract; (3) violation of the Truth in Lending Act; (4) fraud in concealment; (5) fraud in inducement; (6) intentional infliction of emotional distress; (7) slander

---

[1] Plaintiff's original complaint (Doc. 2) was filed on August 2, 2013. On August 9, 2013, plaintiff filed his amended complaint (Doc. 10).

of title; (8) quiet title; (9) declaratory relief; and (10) rescission.  His claims purportedly arise out of certain of the defendants' foreclosure of his property in a proceeding in the District Court for Tulsa County.  In that case, Tulsa County Case No. CJ-2011-4991, the court entered a final judgment and ordered that a sale of the property at issue is scheduled to take place on August 20, 2013.[2]  As noted, Mr. Luis claims, among other things, that the defendants lacked standing to foreclose on his home and did so in violation of various federal laws.  On July 10, 2013, Mr. Luis filed a lawsuit in Tulsa County which is nearly identical to the one currently before this Court.  That case, Tulsa County Case No. CJ-2013-3225, is still pending.  In this case, as in Case No. CJ-2013-3225, Mr. Luis seeks a preliminary injunction to prevent the sale of his home.

## Subject Matter Jurisdiction

While the courts liberally construe pro se pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), a pro se plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).  A plaintiff's pro se status does not excuse his obligation to comply with the requirements of substantive law.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

The subject matter jurisdiction of the federal courts is limited.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986); *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511-12 (10th Cir. 1994).  The basic statutory grants of subject matter jurisdiction

---

[2] The Court takes judicial notice of the state court actions, including the dockets, pleadings, court orders, and judgments, which relate to this proceeding.  *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) (quoting *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record.").

are contained in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. *Id.* Lack of subject matter jurisdiction cannot be waived, and it may be raised as a basis for dismissal at any time, either by a party or by the Court *sua sponte*. *See Bender*, 475 U.S. at 541; 28 U.S.C. § 1447(c). "Because the jurisdiction of federal courts is limited, there is a presumption against [federal jurisdiction], and the party invoking federal jurisdiction bears the burden of proof." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (citations omitted).

As a court of limited jurisdiction, this Court is obligated to examine, as an initial matter, whether it can properly exercise subject matter jurisdiction over this action. The defendants have raised several jurisdictional problems, chief among them being the application of the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court." *Miller v. Deutsche Bank Nat'l Trust Co.*, 666 F.3d 1255, 1261 (10th Cir. 2012). The Tenth Circuit has held that the *Rooker-Feldman* doctrine precludes a plaintiff from seeking federal review and rejection of state court foreclosure proceedings. *Dillard v. Bank of New York*, 476 F. App'x 690, 2012 WL 1094833 (10th Cir. Apr. 3, 2012). In *Dillard*, the *pro se* plaintiff alleged a number of violations of federal laws due to foreclosure and eviction. The district court found that it lacked subject matter jurisdiction as to such claims and that dismissal was appropriate under Fed. R. Civ. P. 12(b)(1) where plaintiff was seeking review of state court decisions, in contravention of the *Rooker-Feldman* doctrine. The Tenth Circuit affirmed that determination:

> Here, [plaintiff] unquestionably sought review and rejection of the state court foreclosure and eviction proceedings. Her complaint challenged [defendant's]

3

>documentation to foreclose, claiming the bank "used deceptive tactics in its pursuit" of the subject property. She alleged her due process rights were violated during the course of the foreclosure and eviction proceedings, and she effectively sought to quiet title in her name. . . . These claims are barred by the *Rooker-Feldman* doctrine, and the district court was correct in dismissing them for lack of jurisdiction.

*Id.*

As in *Dillard*, Mr. Luis seeks to undo a state court judgment, which is scheduled to result in the sale of his home on August 20, 2013. Mr. Luis seeks a preliminary injunction to prevent his eviction and the sale of his home. While Mr. Luis' complaint and motion for preliminary injunction present a litany of factual and legal issues regarding mortgage-backed securities and the foreclosure process, the real basis for his request for injunctive relief is that the defendants were without standing to foreclose on his property and thus did so wrongfully. (Doc. 11, at 2-3). Mr. Luis presented these arguments in the state court foreclosure proceeding and a final journal entry of judgment was entered against Mr. Luis on June 18, 2013. In short, Mr. Luis' arguments were considered and rejected by the state court. Hence, Mr. Luis' request that this Court enjoin the sale of his home directly implicates the *Rooker-Feldman* doctrine because, were the Court to enjoin the sale of his home, it would be required to find that the state court's judgment was (or at least was likely) entered in error. This Court does not sit as an appellate court to review state court judgments. While the Court is sympathetic about Mr. Luis' loss of his home, his proper avenue for review of the state court's judgment was an appeal to a superior court of the State of Oklahoma; not federal litigation. Accordingly, his requests for a preliminary injunction and temporary restraining order are denied.

In addition, the entirety of the claims alleged in Mr. Luis' first amended verified complaint (Doc. 10) are barred under the *Rooker-Feldman* doctrine or otherwise subject to dismissal. Mr. Luis alleges claims for (1) wrongful foreclosure/lack of standing to foreclose; (2)

4

breach of contract; (3) violation of the Truth in Lending Act; (4) fraud in concealment; (5) fraud in inducement; (6) intentional infliction of emotional distress; (7) slander of title; (8) quiet title; (9) declaratory relief; and (10) rescission.  All of these claims challenge the action taken by the defendants with respect to the foreclosure of Mr. Luis' property.  To find in Mr. Luis' favor on any of these claims, the Court would be required to find that the judgment entered by the state court was in error.  Accordingly, under the *Rooker-Feldman* doctrine, the Court is without subject matter jurisdiction to hear these claims and plaintiff's claims must be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff Steven Luis' amended motion for preliminary injunction (Doc. 11) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's claims are **dismissed without prejudice** for lack of subject matter jurisdiction.  A separate judgment of dismissal will be entered along with this Opinion and Order.

**SO ORDERED** this 19th day of August, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE